IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOUAKHAM DITSAVONG,

        Plaintiff,                No. CIV S-04-2454 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.             <u>ORDER</u>
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated January 26, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has impairments of possible mild arthritis, arthralgias, intermittent headaches, allergic rhinitis with mild dizziness, and depression, which in combination are severe but not severe enough to meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff retains the residual functional capacity to perform unskilled medium work with certain limitations; plaintiff can perform her past relevant work as an electronics assembler and cook helper; and plaintiff is not disabled.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Administrative Transcript ("AT") 16, 19.  Plaintiff contends the ALJ improperly discredited her subjective complaints.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

Plaintiff contends the ALJ improperly discredited her subjective complaints.  The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v.

Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).   The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

/////

1       Plaintiff testified she could only stand 15 to 30 minutes and could not walk very
2 far, was limited in her ability to lift even a five pound bag of sugar, had to lay down all the time
3 because sitting was painful and suffered from depression. AT 238-239. The ALJ discredited
4 these extreme limitations because there was only minimal treatment evident in the record for
5 arthralgias, headaches, allergies and depression. AT 18, 135 (barium enema test normal), 136-
6 137, 147-159 (routine treatment during regular scheduled appointments, no reported major
7 symptoms). The ALJ also noted plaintiff's physical ailments were successfully treated with
8 Celebrex for pain in the joints and headaches, and Zyrtec controlled plaintiff's allergy symptoms.
9 AT 18, 156-158. The ALJ also relied on the lack of pain treatments or physical therapy for
10 plaintiff's allegedly debilitating pain. Although plaintiff was treated for depression, Zoloft was
11 prescribed for this condition and plaintiff reported it was working well. AT 121. Although
12 plaintiff asserts she did not know there were specialists available for treatment of depression, a
13 referral for psychiatric evaluation was made by her treating physician but apparently never was
14 followed up on by plaintiff. AT 121, 157, 213. The ALJ also relied on the evaluations of the
15 consulting psychiatrists who both noted poor effort during the examinations and possible
16 malingering. AT 18, 166, 220, 221.[2] The ALJ's stated reasons for discrediting plaintiff's
17 subjective complaints are clear and convincing and supported by the record.

18       Plaintiff also contends that in evaluating plaintiff's subjective complaints, the ALJ
19 failed to consider the third party questionnaire filled out by the friend plaintiff's counsel indicates
20 is also her roommate. AT 84-89; Pl.'s Mem. P. & A. in Supp. Summ. J. at 15. "[L]ay witness
21 testimony as to a claimant's symptoms or how an impairment affects ability to work is competent

---

[2] Plaintiff contends the psychiatric reports did not properly assess plaintiff's depression in the context of plaintiff's Laotian culture. Plaintiff does not provide any case law or evidentiary support for the proposition that the psychiatric reports are legally insufficient. Without specific reference to a page in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), plaintiff claims there are specific disorders relevant to plaintiff's culture. The court has reviewed Appendix 1 of the DSM-IV, which contains a glossary of culture-bound syndromes, and finds no reason why the validity of the psychiatric reports should be called into question.

evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919.

Here, the ALJ fulfilled that duty. The ALJ specifically noted the third party questionnaire indicated essentially the same limitations testified to by plaintiff. AT 16, 84-89. The ALJ rejected the extreme limitations expressed in the questionnaire as inconsistent with plaintiff's activities of daily living and medical and psychiatric complaints as reported to treating and examining physicians. AT 16. The record supports this finding. See, e.g., AT 121 (in September 2001, plaintiff reported she was doing well on Zoloft), 160 (reported headaches to neurologic evaluator only after questioned four to five times), 164 (plaintiff reported restorative sleep), 166 (independent in activities of daily living), 219 (plaintiff reported her day begins at 6:00 a.m., she watches television, does very light housework, sleeps well with aid of medication).

The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: March 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006/ditsavong.ss

6